**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS C. JOHNSON, | ) | CASE NO. 3:13 CV 198 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN COLEMAN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Thomas C. Johnson filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Johnson is currently incarcerated in the Allen Correctional Institution, having pled guilty to rape and kidnapping in 2004. He is serving a sentence of twenty years incarceration.

## I.     Procedural Background

On May 12, 2004, an Ottawa County grand jury indicted Johnson on one count of rape of a child under age ten, one count of kidnapping, one count of felonious assault, and one count of child endangering. Pursuant to a plea agreement, on November 15, 2004, Johnson pleaded guilty to one court of rape and one count of kidnapping in exchange for dismissal of the specification for victim under age ten and the assault and child endangering counts. On February 18, 2005, the trial court sentenced Johnson to the maximum, ten-year prison term for each offense, to be served consecutively for a total sentence of twenty years. Johnson filed a timely appeal, rasing the following three assignments of error:

> 1. Trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.14, and the trial court failed to make the necessary statutory findings as required by R.C. 2929.14(E)(4) before imposing consecutive sentences.

> 2. The trial court erred to the Defendant's prejudice by sentencing the Defendant to consecutive terms of prison as the offenses are allied offense of similar import.

>   3. The trial court erred in failing to hold a hearing to determine if the crimes that defendant was sentenced for were actually allied offenses of similar import.

*State v. Johnson*, No. OT-05-008, 2005-Ohio-5029, 2005 WL 2335019, at *1-2 (Ohio Ct. App. Sept. 23, 2005).

The Ohio appellate court rejected each of Johnson's grounds for relief in September 2005, affirming his conviction and sentence. As to the first ground, the appeals court found that the trial court's findings and reasons were sufficient to support imposition of the maximum sentences for rape and kidnapping, where the trial court properly weighed the statutory sentencing factors. *Id.* at *2-3. As to the second and third grounds, the appeals court found Johnson waived these errors by failing to raise the allied offenses issues before the trial court or objecting to his conviction on both counts. *Id.* at *4. Johnson did not appeal this decision to the Ohio Supreme Court.

On December 16, 2010, Johnson filed a *pro se* motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1, arguing that "trial counsel was ineffective for failing to investigate and discover (1) [Johnson's] own childhood history of sexual abuse, (2) [Johnson's] low intelligence and learning disabilities, and (3) [Johnson's] various other psychological syndromes, including Post Traumatic Stress Disorder, Rape Trauma, and Adult Attention Deficit Disorder." *State v. Johnson*, No. OT-11-010, 2012-Ohio-1400, 2012 WL 1076300, at *1 (Ohio Ct. App. Mar. 30, 2012). On March 29, 2011, the trial court denied Johnson's motion, noting that Johnson "had received a psychological evaluation before entering his guilty plea, that the information [Johnson] claimed his attorney did not discover was information [Johnson] himself possessed, and that [Johnson's] motion to withdraw his guilty plea was filed six years after he was sentenced." *Id.* at *1. Johnson filed a timely appeal and counsel was appointed.

Appellate counsel filed an *Anders*[1] brief raising two assignments of error:

1. The trial court abused its discretion in denying appellant's motion to withdraw his plea.

2. Appellant was denied effective assistance of counsel at sentencing.

*Id.* at *2. In a supplemental *pro se* brief, Johnson also made arguments regarding the issue of merger of the rape and kidnapping charges. *Id.* at *3.

On March 30, 2012, the appeals court affirmed the trial court's denial of Johnson's motion to withdraw his guilty plea, holding that *res judicata* barred the arguments raised by Johnson in his motion. *Id.* at *1. The appeals court noted that Johnson could have raised his claims regarding ineffective assistance of trial counsel in his direct appeal, but did not. Further, the court noted that even if Johnson's claims were not barred, his claim that counsel purportedly failed to investigate potentially mitigating information lacked merit in light of counsel's motion for a psychological evaluation to determine Johnson's competency to stand trial and Johnson's failure to disclose his own sexual abuse to his counsel. *Id.* at *2. Finally, the court noted that it had already addressed the issue of merger on direct appeal, and under the law-of-the-case doctrine, that issue was settled law. *Id.* at *3.

Johnson filed a timely appeal to the Ohio Supreme Court, raising the following assignments of error:

1) . . . [T]he single counts of rape and kidnapping are allied offenses of similar import and should have been merged by the trial court at sentencing. Instead, the

---

[1] Under *Anders v. California*, 386 U.S. 738 (1967), if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, counsel should so advise the court, request permission to withdraw, and file a brief identifying anything in the record that could arguably support the appeal. Thereafter, the appellant is permitted an opportunity to raise any additional matters.

> trial court imposed consecutive ten year sentences for an aggregate term of twenty years. In support of the first proposition, . . . the appellant asserts that this Honorable Court's precedent cases over the years are controlling and dispositive, including, but not limited too, *State v. Logan*, 60 Ohio St. 2d 126 (1979); *State v. Adams*, 103 Ohio St. 3d 508, 2004 Ohio 5845; and *State v. Johnson*, 128 Ohio St. 3d 153, 2010 Ohio 6314, 942 N.E.2d 1061.
>
> 2) . . . [A]ppellant asserts that he should be permitted to withdraw his guilty plea post-sentence, pursuant to Ohio Rule of Criminal Procedure 32.1. Assigned counsel's *Anders* Brief fails to recognize several areas of the record that demonstrates trial counsel's failure to grasp the realities of the appellant's particular circumstances.

*State v. Johnson*, No. 2012-0807, Memorandum in Support of Jurisdiction (Ohio May 9, 2012). On July 25, 2012, the Ohio Supreme Court declined to accept Johnson's appeal for review. *State v. Johnson*, 132 Ohio St. 3d 1484 (2012).

On January 25, 2013, Johnson filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He asserts one ground for relief:

> 1. Petitioner's consecutive sentences for allied offenses of similar import violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a

determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 405. In order to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *I d.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131,

1135 (6th Cir. 1998).

### III. Exhaustion of State Court Remedies

In addition, a federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only if "it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Under Section 2254 of the AEDPA, a federal court cannot grant a writ of habeas corpus to a prisoner held in state custody unless the applicant has exhausted all available remedies in state court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553

(6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

Johnson has not exhausted the one claim he asserts in this habeas petition. He asserts his claim as a violation of his constitutional rights under the Fifth, Eighth and Fourteenth Amendments for the first time in this petition. While he argued in his direct appeal that the Sixth District Court of Appeals that his sentencing violated state law and Ohio Supreme Court precedent, he has not raised his objection as a matter of federal constitutional law until now and did not argue this claim in the Supreme Court of Ohio on direct appeal. To be exhausted, Johnson's claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz*, 731 F.2d at 369. Johnson asserted challenges in the Ohio Court based on violations of Ohio law. He has not given the Ohio courts an opportunity to rule on his claim of a constitutional violation and, therefore he has not exhausted his state court remedies.

### IV. Procedural Default

If under state law there remains a remedy that a Petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim. 28 U.S.C. §

2254(c). Rather than dismiss certain claims the Court deems unexhausted, however, a habeas court need not wait for exhaustion if it determines that a return to state court would be futile. *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001) *cert. denied*, 534 U.S. 1147 (2002). In that circumstance, the habeas court may deem the claim procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

A claim is procedurally defaulted if a petitioner fails to fairly present the federal habeas claim to the state courts but has no remaining state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A procedural default can occur when a petitioner "fails to obtain consideration of a claim by a state court," either because he failed to raise the claim before the state court or because a state procedural rule prevented the state court from reaching the merits of the claim, and he has no available remedy left in state court. *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Johnson, however, has no remedy still available to him in state court to assert his claim and it is therefore procedurally defaulted. On direct appeal, the Ohio Court of Appeals found that Petitioner had waived the claimed sentencing error regarding allied offenses of a similar import by failing to object at sentencing. Further, the court noted that even if it applied a plain error analysis, it would have to conclude that the doctrine of invited error precluded review because Johnson's convictions for rape and kidnapping were the result of a bargained for plea agreement. Invited error

of the kind identified by the Ohio appellate court here necessarily involves a failure to object. The Sixth Circuit has held that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground. . . . Moreover, we view a state appellate court's review for plain error as the enforcement of a procedural default." *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004) (citation omitted). Thus, Johnson procedurally defaulted in presenting his allied offenses claim because he bargained for and agreed to separate consecutive sentences on the two offenses to which he pled guilty.

Further, because Johnson did not appeal to the Supreme Court of Ohio in his direct appeal, Ohio's *res judicata* rule would also bar him from litigating the allied offenses issue raised herein. Johnson did not appeal the state court of appeal's decision to the Supreme Court of Ohio. *Lott*, 261 F.3d at 611-612; *Rust*, 17 F.3d at 160-161; *State v. Szefcyk*, 77 Ohio St. 3d 93 (1996) (syllabus); *State v. Perry*, 10 Ohio St. 2d 175, 176 (1967) (syllabus, ¶ 9). If Johnson had attempted to raise his constitutional claim regarding the merger of the offenses of rape and kidnapping in an appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Adams v. Bradshaw*, 484 F. Supp. 2d 753, 769 (N.D. Ohio 2007); *City of Wooster v. Graines*, 52 Ohio St. 3d 180, 185 (1990) (citing cases); *State v. Phillips*, 27 Ohio St. 2d 294, 302 (1971). Indeed, when Johnson attempted to raise his allied offenses claim in his motion to withdraw his guilty pleas, the state court of appeals actually enforced the state procedural rule that his claim was only appropriately raised on direct appeal and was therefore barred by the doctrine of *res judicata*. The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata*, i.e., the *Perry* rule, is an adequate ground for denying federal habeas relief. *See e.g.,Lundgren v. Mitchell*, 440

F.3d 754, 765 (6th Cir. 2006). Johnson's claim in this Petition is therefore procedurally defaulted for this additional reason. *Leroy*, 757 F.2d at 99.

Although his claim is procedurally defaulted, the Court may excuse the default and consider the claims on the merits if Johnson demonstrates that (1) there was cause for him not to raise this issue in the state courts and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). No such showing is reasonably suggested by the Petition.

### III.     Conclusion

For all the reasons set forth above, the Petition for Writ of Habeas Corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal of this action could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: 4/18/2013          */s/John R. Adams*
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE